UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | No. 2:10-CR-14-DLB-REW-1 |
| ) | No. 2:16-CV-116-DLB-REW |
| v. ) | |
| ) | ORDER |
| GARY VANOVER, ) | |
| ) | |
| Defendant/Movant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Movant, Gary Vanover, is a federal inmate. DE #59 (Motion), at 1. On June 23, 2016,[1] Vanover filed a *pro se*[2] motion under 28 U.S.C. § 2255. *See generally id.* The United States responded in opposition. DE #67 (Response). Vanover replied. DE #71 (Reply). The matter is now ripe for consideration. Per normal practice, the District assigned the matter to the undersigned for a recommended disposition. The Court now **RECOMMENDS** that the District Judge fully **DENY** § 2255 relief (DE #59) and issue **NO** Certificate of Appealability.

**I.     BACKGROUND INFORMATION**

On March 11, 2010, a federal grand jury indicted Vanover on two counts of being a felon in possession of certain firearms, in violation of 18 U.S.C. §§ 922(g) and 924(e),

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (*per curiam*). Here, Vanover affirmed under penalty of perjury that he mailed the motion, per prison mail, on June 23, 2016. DE #59, at 5.

[2] *Pro se* petitions receive a comparatively lenient construction by the Court. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

and one count of possession of a stolen firearm, in violation of § 922(j). DE #1 (Indictment). Vanover ultimately pleaded guilty to Count 1, one of the felon-in-possession charges, pursuant to a plea agreement, on February 18, 2011. DE ##35 (Rearraignment Minute Entry); 53 (Plea Agreement). Judge Bunning sentenced Vanover on June 21, 2011. DE ##52 (Sentencing Minute Entry); 54 (Amended Sentencing Minute Entry). Movant received a 188-month prison term followed by a 3 year period of supervised release. DE #55 (Judgment). Vanover did not appeal. On June 23, 2016, Vanover filed the § 2255 motion, purportedly premised on *Johnson v. United States*, 135 S. Ct. 2551 (2015). DE #59. The United States responded. DE #67. Vanover replied. DE #71. The motion stands ripe for review. Vanover's claim wholly fails—he knowingly waived the right to collaterally attack the guilty plea, conviction, and sentence in the plea agreement and, as to the merits, *Johnson* does not impact the ACCA enhancement.

II.     **STANDARD OF REVIEW**

Under 28 U.S.C. § 2255, a federal prisoner may obtain post-conviction relief if his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255(a); *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) ("In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001))). A defendant alleging a constitutional basis must establish "an error of constitutional magnitude" and show that the error had a "substantial and injurious effect or influence on

the proceedings" in order to obtain § 2255 relief. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 113 S. Ct. 1710, 1721-22 (1993)). When alleging a non-constitutional error, a defendant must prove that the error constituted a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 82 S. Ct. 468, 471 (1968)); *see also Watson*, 165 F.3d at 488. In making a § 2255 motion, a movant generally bears the burden of proving factual assertions by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (*per curiam*) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

### III.     ANALYSIS

In the instant motion, Vanover states a sole ground for relief:

> In light of Johnson v. United States, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), Movant's prior felony convictions no longer qualify him as an Armed Career Criminal.

DE #59, at 2 (all as in original). In his reply, Vanover clarifies that he particularly challenges the use of Kentucky second- and third-degree burglary convictions as predicate offenses under the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)(1) and its definitions) in light of *Johnson*. *See* DE #71, at 2-4.

The case does not actually hinge on *Johnson* at all. *Johnson* held unconstitutional the residual clause of the ACCA. 135 S. Ct. at 2563.[3] Vanover has multiple potential qualifying predicates, including four December 7, 1993, Kentucky burglary 2d

---

[3] "*Johnson* is retroactive in cases on collateral review[.]" *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

convictions and four May 21, 1997, Kentucky burglary 3d convictions. The United States argues that, since Vanover's "qualifying prior convictions were all for different burglaries" and burglary is part of the enumerated offenses clause, *Johnson*, which invalidated only the residual clause, does not apply. DE #67, at 6-7. Further, in reply (his first submission to contain substantive arguments), Vanover actually argues that the prior Kentucky burglary 2d and 3d convictions no longer qualify as ACCA predicates under the analysis of *Mathis v. United States*, 136 S. Ct. 2243 (2016),[4] and its explication of the modified categorical approach. Thus, while nominally based on *Johnson*, the motion attempts to relitigate Judge Bunning's assessment of the prior burglary convictions as qualifying enumerated offenses, a holding that Vanover assented to in the plea agreement

---

[4] Attempted invocation of *Mathis* raises interesting issues vis-a-vis the timeliness of Vanover's § 2255. *Mathis* is not a new rule, which Justice Kagan took pains to explain. *See* 136 S. Ct. at 2257 ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. . . . And we will not introduce inconsistency and arbitrariness into our ACCA decisions by here declining to follow its requirements."). As such, *Mathis* would not create a new avenue for a § 2255 under the AEDPA limitations period staked to a "newly recognized [right] . . . made retroactive to cases on collateral review." 28 U.S.C. § 2255(f)(3); *see also Jones v. United States*, 689 F.3d 621, 624 (6th Cir. 2010) ("A holding constitutes a 'new rule' within the meaning of *Teague* if it breaks new ground, imposes a new obligation on the States or the Federal Government, or was not dictated by precedent existing at the time the defendant's conviction became final." (quoting *Graham v. Collins*, 113 S. Ct. 892, 897 (1993))). As such, Vanover could raise timely a true *Johnson* claim, which might then require consideration of *Mathis*, but *Johnson* does not provide a portal through which Vanover can present stand-alone *Mathis* or *Descamps v. United States*, 133 S. Ct. 2276 (2013), arguments. *Curry v. United States*, No. 16-CV-22898-SEITZ, 2016 WL 7009193, at *4 (S.D. Fla. Oct. 14, 2016) ("By contrast, other Eleventh Circuit panels have opined that it is improper to consider *Descamps* because it is not retroactive for purposes of a second or successive Section 2255 motion and, therefore, *Johnson* cannot be used as a 'portal' to raise a *Descamps* claim, whether 'independent or otherwise.' *In re Hires*, 825 F.3d 1297, 1303 (11th Cir. 2016) (denying a successiveness application because the movant's prior convictions qualified under ACCA's elements clause; noting that '*Descamps* does not qualify as a new rule of constitutional law for § 2255(h)(2) purposes, and, thus, *Descamps* cannot serve as a basis, independent or otherwise, for authorizing a second or successive § 2255 motion. . . .')."). Absent a valid residual clause foundation for this case, the statute of limitations would block Vanover from employing *Mathis*.

and at rearraignment. *See* DE #53 (Plea Agreement) ¶ 3(f); DE #64 (Rearraignment Transcript), at 8-9, 23.

Judge Bunning obviously used only the enumerated offenses clause in sentencing—his entire focus was on the denominated burglaries. Neither the USPO (in the PIR) nor the parties discussed the residual clause in any way; all only referenced the labelled eight separate burglary convictions. As to each, Vanover conceded in his Plea Agreement: "Vanover was previously convicted of the following felony offenses [listing all eight burglaries] of crimes of violence." DE #53, at ¶ 3(f). He also expressly conceded that "he qualifies for sentencing as an Armed Career Criminal according to 18 U.S.C. § 924(e)(1)." *Id.* at ¶ 1.

### A. *Waiver of Collateral Attack Right*

The United States primarily argues that Vanover's collateral attack waiver blocks merits consideration of his motion. DE #67, at 3-5. Vanover replied in opposition. DE #71, at 1-2. Movant's plea agreement states, "The Defendant waives the right to . . . attack collaterally the guilty plea, conviction, and sentence." DE #53 (Plea Agreement) ¶ 8. At least other than "where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel[,]" "a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) (enforcing appeal waiver); *see also United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005) (same). *Acosta* distinguished "issues a defendant has validly agreed not to appeal or attack collaterally[] from those that go to the very validity of a guilty plea." 480 F.3d at 422; *see also United States v. Cole*, 599 F. App'x 236, 237 (6th Cir. 2015) (enforcing

5

waiver but distinguishing cases alleging ineffective assistance of counsel); *but see Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) ("When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring[ing] a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255.").

Here, Vanover acknowledged by executing the plea agreement that he had reviewed the full document with counsel and understood its terms. DE #53 ¶ 13. At rearraignment, Vanover confirmed to the Court, under oath, that he had read the plea agreement and understood its provisions. DE #64 (Rearraignment Transcript), at 6-7. He admitted to entering into the plea voluntarily. *Id.* at 7. Additionally, the Court specifically and in careful detail addressed the collateral attack waiver:

> THE COURT: . . . But you, in your plea agreement, have particularly waived, at paragraph number 8, the right to appeal and the right to attack collaterally the guilty plea, conviction and sentence. . . . The waiver of the right to attack collaterally the guilty plea, conviction and sentence, that's a separate right that you may have under some very limited circumstances to challenge your conviction and sentence based upon some alleged constitutional violation.
> You're not going to be able to make that type of motion filing later. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> (Mr. Alerding [defense counsel] and the defendant conferring.)
>
> THE DEFENDANT: Yeah, I understand that.
>
> THE COURT: Okay. That's like — I'll give you an example of that. I sentence you to a term of imprisonment for this offense. You are returned to state custody. Eventually, you make your way into federal custody. And several years from now, you decide you know what? I shouldn't have been an armed career criminal. I'm going to file a motion to vacate my sentence under 28, U.S. Code, Section 2255. That motion by you is handwritten or on a form pro se. That would be mailed to the courthouse. Once it got

6

> here, it would be dismissed because of this waiver. Do you understand that?
>
> THE DEFENDANT: Yes.

*Id.* at 19-21. Based on his responses, the Court found "the waivers in paragraph 8 [including the collateral attack waiver] are knowing and voluntary and that Mr. Vanover understands the consequences of both waivers." *Id.* at 21.

Additionally, Vanover confirmed to the Court that he understood the trial rights that he would forfeit by pleading guilty. *Id.* at 21-22. Finally, Vanover expressed unreserved satisfaction with the advice, counsel, and representation of his lawyer Hon. Dennis C. Alerding. *Id.* at 6.

The record shows that Vanover's responses were voluntary and verified, and the Court determined at the hearing that Vanover was competent. *Id.* at 26. Solemn declarations in open court "carry a strong presumption of verity" and "constitute a formidable barrier" in subsequent collateral proceedings. *Blackledge v. Allison*, 97 S. Ct. 1621, 1629 (1977). Considering the representations that Defendant made in the plea agreement and during rearraignment, and the significance of his sworn statements, the Court can only conclude that Vanover made an "informed and voluntary" waiver. *In re Acosta*, 480 F.3d at 422. Indeed, he makes no contrary claim here.

Vanover, however, challenges applicability of the collateral attack waiver inasmuch as the § 2255 motion purportedly raises a *Johnson* claim, citing *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016). DE #71, at 2. Contending that the waiver is inapplicable, he cites *McBride*'s statement that "a defendant can abandon only *known* rights. [Defendant] could not have intentionally relinquished a claim based on *Johnson*, which was decided after his sentencing." 826 F.3d at 295 (citations and quotation marks

7

omitted). Based on *McBride*, Vanover argues that he could not have knowingly waived any rights arising from *Johnson*, a case decided over four years after he pleaded guilty, and therefore, the collateral attack waiver does not bar the *Johnson* claim.

Vanover's argument fails. As the Sixth Circuit recently explained, even "where developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature." *In re Garner*, — F. App'x —, No. 16-1655, 2016 WL 6471761, at *1 (6th Cir. Nov. 2, 2016). As with the movant in *Garner*, Vanover's "willingness to waive his right to appeal and to attack his sentence collaterally binds him no less now than it did when he signed the agreement." *Id.* at *2 (internal alteration and quotation marks omitted); *see also Sanford v. United States*, No. 16-1840, 2016 WL 6608944, at *2 (2d Cir. Nov. 9, 2016) ("[A] defendant's inability to foresee a change in the law does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." (citations and quotation marks omitted)); *United States v. Muller*, No. CR 08-20009, 2016 WL 6892268, at *2-3 (E.D. Mich. Nov. 22, 2016) (citing *Garner* and finding collateral attack waiver barred *Johnson* claim). Otherwise, Vanover's "waiver of the right to appeal [including collateral attack waiver] . . . would amount to little if future changes in the law permitted the benefited party nonetheless to appeal." *Garner*, 2016 WL 6471761, at *2 (quoting *United States v. Bradley*, 400 F. 3d 459, 465 (6th Cir. 2005)).

Further, *Garner* itself explicitly distinguished *McBride*, which did not involve a collateral attack waiver, from cases, such as Garner's and Vanover's, involving such a

8

waiver. *Id. McBride* essentially involved an implied waiver. 826 F.3d at 294-95. The Sixth Circuit found that the defendant, by explicitly agreeing that a career offender sentencing enhancement applied to him, waived the right to challenge the application of that enhancement on appeal. *Id.* It is from this *implied* waiver that the Sixth Circuit excepted the defendant's *Johnson* challenge (as opposed to the *explicit* waivers at issue here and in *Garner*). Again, here, Vanover explicitly agreed to waive his right to collaterally attack his sentence with full knowledge that he was waiving the "separate right that [he] may have under some very limited circumstances to challenge [his] conviction and sentence based upon some alleged constitutional violation." DE #64, at 20.

In sum, the Court finds the collateral attack waiver valid and operative. Vanover's waiver was knowing and acknowledged in open court. While he did not know that the Supreme Court would announce the new rule in *Johnson*, he did know that he was wholly forgoing the possibility of filing a § 2255 motion. *See Garner*, 2016 WL 6471761, at *2 ("All that matters is that the waiver is knowing; it need not be omniscient.") Other than the misplaced and rejected *McBride* argument, Vanover does not challenge his waiver as involuntary or unknowing. Accordingly, he remains bound by it. That should conclude consideration of his motion.

B. *Johnson does not eliminate the ACCA enhancement here.*

Even if Movant had not waived the right to collaterally attack his sentence, Vanover does not show, under the § 2255 standard, that he is entitled to habeas relief. "[I]f the [§ 922(g)(1)] violator has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the Armed Career Criminal Act increases his prison

9

term to a minimum of 15 years and a maximum of life." *Johnson*, 135 S. Ct. at 2555 (citing § 924(e)(1)). A violent felony, as relevant here, is "any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924(e)(2)(B).

The statutory phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is ACCA's "residual" clause, which the Supreme Court invalidated as unconstitutional: "We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. However, *Johnson* clearly did not address or impact the "violent felony" elements or enumerated offenses clauses, nor did it impact the definition of a controlled substance offense. *See, e.g.*, *id.*; *United States v. Thompson*, 619 F. App'x 514, 515 (6th Cir. 2015); *Trice v. United States*, No. 3:13-CR-96-CRS, 2016 WL 867545, at *7 (W.D. Ky. Jan. 7, 2016); *United States v. Smith*, Nos. 10-CR-20058, 12-CV-11913, 2015 WL 5729114, at *13 (E.D. Mich. Sept. 30, 2015).

The Court has independently reviewed Movant's PIR and the entire case record to assay ACCA enhancement qualification. Vanover had (and has) at least three prior felony convictions without any resort to the § 924(e)(2)(B)(ii) residual clause. *See* DE #63 (PIR) ¶¶ 16(a), 43 (reflecting four Kentucky burglary 2d convictions for burglarizing four separate dwelling on or about June 8, 1992). The Sixth Circuit has explicitly determined

10

that Kentucky second-degree burglary (KRS 511.030) categorically qualifies as a violent felony under the enumerated offense of "burglary." *United States v. Jenkins*, 528 F. App'x 483, 485 (6th Cir. 2013) (utilizing the definition of "generic burglary" outlined in *Taylor v. United States*, 110 S. Ct. 2143, 2160 (1990) and finding Kentucky second-degree burglary to "largely track" that definition and qualify under the categorical approach); *see also United States v. Walker*, 599 F. App'x 582, 583 (6th Cir.), *cert. denied*, 136 S. Ct. 205 (2015) ("Walker's two convictions for second-degree burglary under [KRS 511.030] take us part of the way. That offense, we have repeatedly said, is equivalent to the crime of burglary enumerated in the Act[.]").

Predicates must have been "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Given the fact that the conduct underlying Vanover's four burglary 2d convictions occurred on the same day, June 8, 1992, the Court assesses whether it can properly consider the offenses as "distinct criminal episodes, [that] therefore, individually qualify as ACCA predicates. *See United States v. Martin*, 526 F.3d 926, 938-40 (6th Cir. 2008). "Two offenses are committed on occasions different from one another if it is possible to discern the point at which the first offense is completed and the second offense begins." *Id.* (quotation marks omitted). Here, the PIR expressly states that Vanover burglarized "four separate dwellings." DE #63 ¶ 43; *see also* DE #22 (Information to Establish Prior Conviction) ¶ 1 (outlining four Kentucky burglary 2d convictions for "offenses committed at four separate residences"). Further in determining that Vanover qualified for ACCA sentencing enhancement, the PIR counted at least eight prior violent felonies. *Id.* ¶ 28. These eight prior violent felonies listed four Kentucky burglary 3d convictions and the four referenced burglary 2d convictions *as separate*

11

*predicates*. *Id.* ¶ 16. The prosecutor noted the distinct nature of the burglaries at sentencing. DE #65, at 11-12 ("There were multiple events in different locations that were combined into a single prosecution. That happened in 1992 [including the Kentucky burglary 2d convictions], 1993, 1996, and 2010.") Vanover admitted his numerous qualifying burglary record, and the four burglary 2d convictions, each of which he admitted involved a separate residence, inarguably establish ACCA application. DE #53 ¶ 3(f) (Vanover's concessions in plea agreement). Accordingly, the Kentucky burglary 2d convictions are properly considered as distinct criminal episodes for purposes of the ACCA. Vanover has, at a minimum, at least four convictions for a violent felony post-*Johnson*.[5]

Because Judge Bunning did not employ the residual clause in assessing any of Movant's predicates, *Johnson* provides no avenue for relief. The motion is thus ill-founded, presents no real *Johnson* claim,[6] and should be dismissed.

---

[5] The burglary 3d convictions would be a closer call, but only in theory. The treatment of those convictions at the time of sentencing would have called for a modified categorical approach. *See United States v. Brumback*, 614 Fed.Appx. 288, 292 (6th Cir. 2015) ("Since the Supreme Court issued *Descamps,* we have held that Kentucky's third-degree burglary statute is divisible."); *id.* ("Because the statute is divisible, we employ the modified categorical approach to determine if the offense qualifies as a violent felony under the ACCA."). Vanover admitted that all of his burglaries qualified as predicates, short-circuiting the analysis. While it may be true that the post-*Mathis* analysis would affect treatment of burglary 3d, *United States v. Barnett*, No. 06-cr-71-JMH-1, 2016 WL 3983318, at *3 (E.D. Ky. July 25, 2016) (holding that, post-*Mathis*, the modified categorical approach no longer applies to KRS 511.040), Vanover did not challenge inclusion of these predicates in a timely fashion, and AEDPA blocks him from independently arguing now about the effect of *Mathis*.

[6] Because Vanover raises no true *Johnson* issue, the motion (filed 5+ years after Judgment entry) is likely altogether time barred, *see* 28 U.S.C. § 2255(f). Vanover did not effectively respond to that argument, which provides yet another sufficient basis for dismissal.

12

## C. Evidentiary Hearing

Vanover does not request an evidentiary hearing. Nevertheless, the Court must hold such a hearing unless "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Further, no hearing is necessary "where the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)) (internal quotation marks removed). Vanover's claim does not warrant a hearing; the § 2255 motion filings and record of the case conclusively show, for the reasons stated above, that Vanover's claims fail. There are no contested factual issues that justify a hearing; Vanover's motion solely targets *Johnson*'s legal effect on his conviction. The record, which needs no further development, and the law foreclose relief.

## IV. CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see also Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)).

For dismissal on procedural grounds, as to when a Certificate of Appealability should issue, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S. Ct. at 1604. Movant has not made a "substantial showing" as to any claimed denial of rights. Vanover's motion, staked infirmly on *Johnson*, presents no issue of reasonable debate per the applicable standards and the above analysis. The waiver clearly ends the case. Accordingly, the Court recommends that the District Court entirely deny a Certificate of Appealability.

V.     **RECOMMENDATION**

For the reasons discussed above, the Court **RECOMMENDS** that the District Judge wholly **DENY** § 2255 relief (DE #59) and grant **no** Certificate of Appealability.

\* \* \* \* \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and usually does, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 5th day of December, 2016.

Signed By:
Robert E. Wier *REW*
United States Magistrate Judge