**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CRIMINAL ACTION NO. 10-14-DLB-REW-1**

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

**V.**        **ORDER ADOPTING REPORT AND RECOMMENDATION**

**GARY VANOVER**                                                                  **DEFENDANT**

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

**I. INTRODUCTION**

Proceeding *pro se*, Defendant Gary Vanover filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. # 59).[1] In his Motion, Vanover indicates that he is challenging his sentence pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Id.* Pursuant to the Court's local practice, the Motion was referred to a Magistrate Judge for preparation of a Report and Recommendation ("R&R").

This matter is presently before the Court on Magistrate Judge Robert E. Wier's R&R (Doc. # 72), wherein he recommends that the Court deny Vanover's Motion to Vacate. Vanover having filed Objections to the R&R (Doc. # 75), and the United States having filed no response and the time for submitting such a response having expired, the R&R is now ripe for the Court's review. For the reasons that follow, Vanover's Objections are

---

1     As Vanover is proceeding *pro se*, the Court acknowledges its duty to review his filings under a lenient standard, liberally construing his pleadings. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985).

1

**overruled** and the R&R is **adopted** as the opinion of the Court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On February 18, 2011, Vanover pleaded guilty to Count One of the Indictment, which charged him with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). (Doc. # 53). Vanover's plea agreement contained a detailed factual basis for the charged conduct, and informed him that he was waiving the right to appeal or collaterally attack his "guilty plea, conviction, and sentence." *Id.* The Court also conducted a thorough rearraignment and plea colloquy, where Vanover asserted he was able to review the plea agreement, and was reminded of the rights he was waiving, including his right to trial. (Doc. # 64 at 19-21).

On June 21, 2011, Vanover was sentenced to 188 months' imprisonment, to be followed by a 3 year period of supervised release. (Docs. # 52, 54, and 55). Vanover did not file a direct appeal. Rather, he filed the instant § 2255 Motion on June 23, 2016, purportedly premised on *Johnson*. (Doc. # 59).

## III. ANALYSIS

### A. Legal Standards

A court may grant relief under 28 U.S.C. § 2255 if the defendant establishes that: (i) the sentencing court imposed his sentence in violation of the Constitution or laws of the United States; (ii) the court lacked jurisdiction to impose the sentence; (iii) the sentence imposed exceeded the maximum authorized by law; or (iv) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district court judge may refer dispositive matters to a magistrate judge for the preparation of a report and recommendation. "[T]he

magistrate judge must promptly conduct the required proceedings" and "enter on the record a recommendation for disposing of the matter, including any proposed findings of fact." 28 U.S.C. § 636(b)(1)(B). If a party files objections to the recommendation, a district court must then consider those objections *de novo* and "accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3). The objections must be specific; "vague, general or conclusory objections . . . [are] tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (internal quotations omitted). Moreover, "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004).

### B. Vanover's Objections

In his R&R, Magistrate Judge Wier found that Vanover had waived his right to collaterally attack his sentence and that the waiver in his plea agreement was valid because he entered his plea knowingly and voluntarily. (Doc. # 72 at 5-9). Despite concluding that the collateral attack waiver in Vanover's plea agreement was valid and operative, Magistrate Judge Wier considered Vanover's substantive arguments and determined that they were meritless. *Id.* at 9-12.

Vanover has objected to the Magistrate Judge's R&R, arguing that he is entitled to relief based on *Mathis v. United States*, 136 S. Ct. 2243 (2016). As a preliminary matter, the Court notes that Vanover raised this very argument in his Reply (Doc. # 71), and Magistrate Judge Wier explained in his R&R that § 2255(f)'s "statute of limitations would

3

block Vanover from employing *Mathis*." (Doc. # 72 at 4 n.4).  Objections, like these, that do "nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarize[ ] what has been presented before" are not valid "objections." *Van Diver*, 304 F. Supp. 2d at 938; *see also Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.").  Although the Court believes it could simply overrule Vanover's Objections on this ground, it will briefly review Magistrate Judge Wier's recommendation out of an abundance of caution.

### 1. *Vanover's plea and collateral attack waiver are valid*

Vanover has not directly challenged his waiver as involuntary or unknowing.  Instead, he argues that the collateral attack waiver does not apply to a "possibly unconstitutional sentence" under *Johnson*, and the same logic should apply under *Mathis*.  (Doc. # 75 at 2-3).  The Magistrate Judge thoroughly considered the record and determined that Vanover's collateral attack waiver was valid and operative.  (Doc. # 72 at 5-9).

For Vanover's waiver of his rights to be valid, "it must be 'an intentional relinquishment or abandonment of a known right or privilege.'" *McCarthy v. United States*, 394 U.S. 459, 466 (1969) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).  "A plea is valid if it is entered knowingly, voluntarily, and intelligently, as determined under the totality of the circumstances." *United States v. McMillon*, 89 F. App'x 561, 563 (6th Cir. 2004) (citing *Brady v. United States*, 397 U.S. 742, 749 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969)).  "The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the

4

alternatives." *Id.* (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

In this case, the Magistrate Judge properly determined that Vanover knowingly and voluntarily entered his guilty plea. At the rearraignment, the Court "carefully reviewed with [Vanover] the provisions of the plea agreement, the rights he was waiving, and the maximum penalties he faced under the applicable statute." *Id.* The Court even provided an example of how the collateral attack waiver would operate in a challenge to an enhancement under the Armed Career Criminal Act. (Doc. # 64 at 19-21). Vanover "stated he understood the rights he was waiving and acknowledged his guilt by admitting under oath the facts establishing the essential elements of the offenses." *McMillon*, 89 F. App'x at 563. Therefore, Vanover "knowingly, intelligently, and voluntarily pleaded guilty." *Id.*

"A voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings." *Id.* at 564. (internal citations omitted). Accordingly, the collateral attack waiver contained in Vanover's plea agreement is valid. In any event, the arguments Vanover advances in an attempt to collaterally attack his sentence are meritless and the Court will briefly address them.

### 2. *Vanover is time-barred from challenging his sentence*

In addition to waiving his right to collaterally attack his sentence, Vanover is time-barred from challenging his sentence. "A prisoner in custody under sentence of a [federal] court ... claiming the right to be released" must file his Motion to Vacate, Set Aside, or Correct Sentence within one-year from "the date on which the judgment of conviction [became] final." 28 U.S.C. § 2255(f)(1). The statute of limitations can be extended or refreshed in certain circumstances, including when the Supreme Court recognizes a new right, which has been "made retroactively applicable to cases on collateral review." 28

U.S.C. § 2255(f)(3). In that scenario, the one-year limitations period begins to run on "the date on which the right asserted was initially recognized by the Supreme Court." *Id.*

### i. Armed Career Criminal Act

Under the Armed Career Criminal Act ("ACCA"), "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony.'" *Johnson*, 135 S. Ct. at 2555. If a defendant falls within the ACCA, a 15-year mandatory minimum sentence is imposed. 18 U.S.C. § 924(e). "Absent that sentence enhancement, the felon-in-possession statute sets a 10-year *maximum* penalty." *Mathis*, 136 S. Ct. at 2248 (citing 18 U.S.C. § 924(a)(2)).

The ACCA previously defined the term "violent felony" to include:

> "any crime punishable by imprisonment for a term exceeding one year ... that–
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*"

18 U.S.C. § 924(e)(2)(B) (emphasis added). Sub-section one is known as the "use of force" clause, the unitalicized portion of sub-section two is the "enumerated" clause, and the italicized portion is commonly referred to as the "residual clause."

### ii. *Johnson* and the Residual Clause

In *Johnson*, the Supreme Court held that the residual clause of the ACCA violated due process because it was unconstitutionally vague. *Johnson*, 135 S.Ct. at 2557. Therefore, "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2563. The Supreme Court has held that its decision in *Johnson* announced a newly-recognized substantive rule that

6

applies retroactively on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). Thus, offenders sentenced under the residual clause of the ACCA have the opportunity to collaterally attack their sentences under § 2255(f)(3), regardless of whether more than one year had passed since the date their judgment of conviction became final. *Id.* However, nothing in *Johnson* "call[ed] into question application of the [ACCA] to the four enumerated offenses or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S.Ct. at 2563.

Here, a review of the facts reveals that Vanover was correctly found to be an "armed career criminal" under the ACCA. Vanover was not sentenced under the residual clause. As outlined in the Presentence Investigation Report, Vanover had multiple potential qualifying predicates. (Sealed Doc. # 63 at 5, 11). In fact, Vanover had four Second Degree Burglary convictions in violation of Ky. Rev. Stat. Ann. § 511.030. *Id.*[2] Therefore, it is clear that Vanover was correctly deemed an "armed career criminal" under the enumerated offense clause, and without any reliance on the now-defunct residual clause.

---

2     The ACCA requires "three previous convictions ... for a violent felony ... *committed on occasions different from one another*." 18 U.S.C. § 924(e)(1) (emphasis added). To determine whether prior offenses were "committed on occasions different from one another," the sentencing court is limited to "evidentiary sources that contain facts necessarily found beyond a reasonable doubt by the trier of fact or necessarily admitted by the defendant." *United States v. King*, No. 15-4192, 2017 WL 1173693, at *10 (6th Cir. Mar. 30, 2017). Thus, the court can look to the indictment or information, jury instructions, plea agreement and colloquy, or a record of comparable findings of fact adopted by the defendant upon entering the plea. *See Taylor v. United States*, 495 U.S. 575 (1990) (documents for a defendant convicted by jury); *see also Shepard v. United States*, 544 U.S. 13 (2005) (documents for a defendant whose conviction was the result of a plea).

The Presentence Investigation Report clearly indicates that Vanover pleaded guilty to four separate counts of the Indictment, each of which involved the burglary of a separate dwelling on or about June 8, 1992 in Campbell County, Kentucky. (Sealed Doc. # 63 at 11). Therefore, Vanover's second-degree burglary convictions were "committed on occasions different from one another" and are proper ACCA predicates.

7

Accordingly, *Johnson* does not provide Vanover with any sentencing relief.

### iii. *Mathis* and the Enumerated Offenses Clause

Recognizing that *Johnson* does not support his § 2255 motion, Vanover asks the Court to "liberally construe" his motion and rely on *Mathis* to vacate his sentence. (Doc. # 75 at 1-4). However, *Mathis* did not recognize a new substantive right which is retroactively applicable to cases on collateral review, and thus, does not refresh the limitations period under § 2255(f)(3) as *Johnson* did.

In *Mathis*, the Supreme Court simply clarified how courts can "determine whether a past conviction" qualifies as one of the enumerated offenses in the ACCA. *Mathis*, 136 S.Ct. at 2247. To make this determination, courts apply what is known as the categorical approach – they "compare the elements of the crime of conviction with the elements of the 'generic' version of the listed offense – *i.e.*, the offense as commonly understood." *Id.*

"For more than 25 years, [Supreme Court] decisions have held that the prior crime qualifies as an ACCA predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense." *Id.* To address more complicated situations, where a prior conviction is based on a "divisible" statute, which "list[s] elements in the alternative, and thereby define[s] multiple crimes," the Supreme Court "approved the 'modified categorical approach.'" *Id.* at 2249. The modified categorical approach permits a sentencing court to look at "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* "The court can then compare that crime, as the categorical approach commands, with the relevant generic offense." *Id.*

8

In *Mathis*, the Supreme Court considered whether the modified categorical approach could also be employed in situations with "a different kind of alternatively phrased law: not one that lists multiple elements disjunctively, but instead one that enumerates various factual means of committing a single element." *Id.* The Supreme Court "decline[d] to find such an exception." *Id.* at 2248. Therefore, sentencing courts cannot impose a sentence enhancement for the violation of a law if "one of the statute's specified means creates a match with the generic offense, even though the broader element would not." *Id.* at 2250. In that situation, the prior crime does *not* qualify as an ACCA predicate because its elements are broader than those of the generic offense.

The ACCA "makes burglary a violent felony only if committed in a building or enclosed space ("generic burglary"), not in a boat or motor vehicle." *Shepard v. United States*, 544 U.S. 13, 15-16 (2005). Accordingly, in *Mathis* the Supreme Court found that Iowa's burglary statute defines "one crime, with one set of elements," but "reaches a broader range of places [buildings; structures; or land, water, or air vehicles]" than generic burglary, and therefore, cannot qualify as an ACCA predicate. *Mathis*, 136 S. Ct. at 2250.

In Kentucky, burglary can also be committed in a broader range of places than generic burglary. Pursuant to Ky. Rev. Stat. Ann. § 511.010(1), "'building,' in addition to its ordinary meaning, means any structure, vehicle, watercraft or aircraft: a) where any person lives; or (b) where people assemble for purposes of business, government, education, religion, entertainment or public transportation."

Because of this broad language, the Sixth Circuit concluded that Kentucky's third-degree burglary statute "does not categorically qualify as a generic burglary enumerated in the ACCA." *United States v. Brumback*, 614 F. App'x 288, 292 (6th Cir. 2015). At the

time *Brumback* was decided (prior to the Supreme Court's decision in *Mathis*), the Sixth Circuit instructed sentencing courts to apply the modified categorical approach to determine whether a defendant's third-degree burglary conviction qualified as an ACCA predicate. *Id.* Post-*Mathis*, the modified categorical approach cannot be applied to Kentucky's third-degree burglary statute, which reaches a broader range of places than generic burglary, and therefore, cannot qualify as an ACCA predicate. *See, e.g., United States v. Barnett*, No. 06-cr-71-JMH-1, 2016 WL 3983318, at *2 (E.D. Ky. Jul. 25, 2016).

Vanover argues that Kentucky's second-degree burglary statute suffers from the same fatal flaw. The Court recognizes that Kentucky's second-degree burglary statute proscribes the unlawful entry into a "dwelling." Ky. Rev. Stat. Ann. § 511.030. And "dwelling" is defined as "a *building* which is usually occupied as a person lodging therein." Ky. Rev. Stat. Ann. § 511.010.

Despite the fact that the definition of "dwelling" contains the broadly-defined term "building," the Sixth Circuit has found that Kentucky's second-degree burglary categorically counts as a crime of violence under the enumerated offense clause. *United States v. Douglas*, 242 F. App'x 324, 331 (6th Cir. 2007); *United States v. Jenkins*, 528 F. App'x 483, 484-85 (6th Cir. 2013); *see also United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015); *United States v. Walker*, 599 F. App'x 582, 583 (6th Cir. 2015). Even after *Brumback*, the Sixth Circuit continued to conclude that Kentucky's second-degree burglary statute is different than the third-degree statute, because it applies only to persons who unlawfully enter "dwellings," and thus, categorically qualifies as generic burglary enumerated in the ACCA. *United States v. Moody*, 634 F. App'x 531, 535 n.1 (6th Cir. 2015).

Regardless of whether *Mathis* alters Kentucky's second-degree burglary statute's availability as an ACCA predicate, Vanover is not entitled to sentencing relief. Vanover did not challenge his sentence within the one-year limitations period and *Mathis* did not announce a new substantive rule, which would refresh the statute of limitations.

In *Teague v. Lane*, 489 U.S. 288 (1989), the Supreme Court "laid out the framework to be used in determining whether a rule announced in [a Supreme Court opinion] should be applied retroactively to judgments in criminal cases that are already final." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007). "Under the *Teague* framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review." *Id*. "A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Id*. (internal citations and quotation marks omitted). "[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301.

*Mathis* merely clarified existing precedent, it did not announce a new substantive rule. The Supreme Court went to great lengths to explain that its decision was based on its "longstanding principles, and the reasoning that underlies them." *Mathis*, 136 S.Ct. at 2251. In fact, the Supreme Court held that "[u]nder our precedents, [the] undisputed disparity [between generic burglary and the Iowa statute] resolves" the case. *Id*. Accordingly, it is evident that *Mathis* does not announce a new substantive rule or apply retroactively on collateral review. Courts applying *Mathis* have consistently reached the same conclusion. *See, e.g.*, *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016);

*Dimott v. United States*, No. 2:06-cr-26-GZS, 2016 WL 6068114, at *3 (D. Me. Oct. 14, 2016); *United States v. Taylor*, No. 16-6223, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016); *Blackwell v. United States*, No. 4:10-cr-12, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016).

Therefore, Vanover cannot rely on *Mathis* in a § 2255 petition filed more than five years after the judgment in his criminal case became final. *Mathis* is not a new substantive rule and does not refresh the one-year statute of limitations under § 2255(f)(3). And an unsuccessful *Johnson* claim does not provide a portal for raising a potentially-meritorious *Mathis* claim. Accordingly, any argument based on *Mathis* is time-barred and Vanover's Objections are **overruled**.

### 3. *Vanover is not entitled to a certificate of appealability*

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citations omitted); 28 U.S.C. § 2253(c)(2). When the denial of a § 2255 motion is based on the merits, the defendant must demonstrate that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Vanover has not met this burden. Therefore, the Court agrees with the Magistrate Judge's recommendation that no certificate of appealability shall issue.

### IV. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) The Report and Recommendation of the United States Magistrate Judge (Doc. # 72) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

(2)    Defendant's Objections (Doc. # 75) are hereby **OVERRULED** as set forth herein;

(3)    Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 59), is hereby **DENIED**;

(4)    This matter is hereby **DISMISSED** and **STRICKEN** from the Court's active docket; and

(5)    For the reasons set forth herein and in the Magistrate Judge's Report and Recommendation (Doc. # 72), the Court determines there would be no arguable merit for an appeal in this matter and, therefore, no certificate of appealability shall issue.

This 11th day of April, 2017.



Signed By:
*David L. Bunning*  DB
United States District Judge

K:\DATA\ORDERS\Covington Criminal\2010\10-14 Order Adpoting R&R re 2255.wpd